[916 NYS2d 536]

In the Matter of Lawrence S. Lane, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, February 10, 2011

APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Andrew B. Lane*, Melville, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 29, 1989, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including failing to maintain escrowed funds, neglecting client matters and representing differing interests in a real estate transaction. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding factual issues. Based upon the stipulation, the Referee has filed a report, which the Grievance Committee moves to confirm. Respondent does not oppose the motion, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that, in connection with his representation of a seller in a real estate transaction, he agreed to hold funds in escrow to satisfy certain obligations of the seller but that he failed to do so. He further admits that following the closing, he failed to satisfy certain outstanding obligations of the seller in a timely manner or to respond to inquiries from counsel for the purchaser regarding the matter.

Respondent further admits with respect to an unrelated real estate transaction that he used funds advanced by his client, the prospective buyer, to obtain a survey and title search and that, without notice to his client, he subsequently represented the holder of an unrecorded lien on the property and used the search and survey to assist the lienholder in acquiring title to the property.

Additionally, respondent admits that, upon receiving litigation papers from a pro se party in an envelope bearing the return address of the party's employer, respondent contacted the employer and suggested that the party had stolen office supplies and that her employment should be terminated.

Finally, respondent admits that he failed to maintain required records for his trust account, failed to identify the account as an attorney escrow account in a proper manner, mailed a settlement offer directly to a party known by him to be represented by counsel, and mistakenly advised a client that a hearing in the client's domestic relations matter had been adjourned, resulting in the entry of a default judgment against the client.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining the consent of the clients to the representation;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1])—filing a suit or asserting a position on behalf of a client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another;

DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1])—communicating during the course of the representation of a client on the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession where such possession is incident to his practice of law;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify special bank accounts in a proper manner;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to a client or third person in a prompt manner as requested by the client or third person the funds, securities or other properties in his possession that the client or third person is entitled to receive; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that he has an outstanding record of pro bono service, that the misconduct occurred at a time when respondent suffered from bipolar disorder for which he has sought treatment, and that no client suffered permanent harm as a result of respondent's misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY, GREEN and MARTOCHE, JJ., concur.

Order of censure entered.